*CLOSED*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### NEWARK DIVISION

BMO HARRIS BANK N.A.,                          )
                                               )
    Plaintiff,                             )
                                               )
v.                                             )     Case No. 2:20-cv-07905-SRC-CLW
                                               )
CASTOMARC EXPRESS LIMITED                      )
LIABILITY COMPANY, S J D                       )
TRANSPORT CORP, and JOSE MARCA,                )
                                               )
    Defendants.                            )

## ORDER OF DEFAULT JUDGMENT AGAINST DEFENDANTS CASTOMARC EXPRESS LIMITED LIABILITY COMPANY, S J D TRANSPORT CORP, AND JOSE MARCA

UPON CONSIDERATION of the Plaintiff's Motion for Final Default Judgment as to Defendants Castomarc Express Limited Liability Company, S J D Transport Corp, and Jose Marca (the "Motion") filed by Plaintiff BMO Harris Bank N.A. ("Plaintiff") and the declaration of Sheila Aschenbrenner filed in support thereof against Defendants Castomarc Express Limited Liability Company ("Borrower"), S J D Transport Corp ("SJD Transport"), and Jose Marca ("Guarantor" and together with Borrower and SJD Transport, "Defendants") and in consideration of the entire record herein, this Court finds good cause exists to GRANT Plaintiff's Motion for the reasons set forth below:

1.      On June 29, 2020, Plaintiff filed its Verified Complaint against Defendants in the above-captioned matter. As set forth in the Verified Complaint, Plaintiff sought to recover certain damages related to certain defaults by Borrower under a loan and security agreement and by Guarantor under a personal guaranty. Since Borrower's and Guarantor's default, Borrower has

1

HB: 4814-6774-5485.3

advised Plaintiff that Borrower transferred possession of the Collateral (as defined below) to SJD Transport.

2.      On June 30, 2020, by request of Plaintiff, the Clerk issued Summonses for Defendants.

3.      On August 28, 2020, Defendants were personally served with copies of the Summons, Verified Complaint, and all exhibits and other papers in support of the same.

4.      Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), the deadline for Defendants to serve an answer or other responsive document was September 18, 2020. Plaintiff did not receive any answer or response to the Complaint and no answer or response by Defendants is reflected on the Court's CM/ECF docket report.

5.      The facts in the Verified Complaint support Plaintiff's claim for judgment arising from the loan and security agreement entered into by Borrower, the personal guaranty entered into by Guarantor, and SJD Transport's wrongful possession of the Collateral.[1] The facts establish Plaintiff's claims for breach of contract and replevin.

IT IS THEREFORE ORDERED AND ADJUDGED that:

A.      Judgment is entered in favor of Plaintiff and against Borrower and Guarantor, jointly and severally, in the amount of $188,681.64, plus interest accruing at the rate of $84.91 *per diem* following October 27, 2020 until the date of judgment written below;

B.      Plaintiff is awarded its reasonable attorneys' fees and costs in the prosecution of this action against Borrower, and the 14-day filing period for a motion requesting attorneys' fees set forth in Rule 54(d)(2) is stayed until further order of this Court;

C.      An Order for Possession is entered against Defendants as follows:

---

[1] Capitalized terms used herein, not otherwise defined, shall be given the meaning assigned to such term in the Motion.

2

HB: 4814-6774-5485.3

a.  Plaintiff is entitled to the immediate possession of the Collateral, summarized as

follows:

| Year | Make | Model | VIN |
|------|------|-------|-----|
| 2014 | Peterbilt | 389 | 1NPXL4EX3ED229932 |
| 2014 | Peterbilt | 389 | 1NPXL4EX5ED229933 |
| 2014 | Peterbilt | 389 | 1NPXX4EX0ED240505 |

b.  Borrower, SJD Transport and any of their respective responsible managing agents,

officers, directors, or employees (acting within the scope of his or her office or

employment), including Guarantor, and any other person or entity in active concert

or participation with Borrower or SJD Transport having actual notice of this Order

by personal service or otherwise, are hereby required to (i) contact Plaintiff's

representative, as set forth in paragraph (d) below, by the end of the next business

day after receiving notice of this Order and disclose the precise location of each

and every item of Collateral; and (ii) by the end of the second business day after

receiving notice of this Order, surrender the Collateral in its possession, custody,

or control to Plaintiff at one or more locations to be designated by Plaintiff's

representative and take all actions necessary to allow Plaintiff to obtain access to

and possession of the Collateral, including terminating sub-leases, if any, and

obtaining the Collateral from any third parties who may have possession, custody,

or control over the Collateral including, but not limited to, third-party sub-lessors.

c.  Borrower and SJD Transport shall immediately notify all of its responsible

managing agents, officers, directors, and employees, including Guarantor, of the

entry of this Order and the terms thereof.

3

d.     Plaintiff's representative for purposes of this Order is:

Sheila Aschenbrenner
319-832-3535
Sheila.aschenbrenner@bmo.com

e.     Upon request of Plaintiff, the Federal Marshal where the Collateral may be situated, or any duly authorized representative(s) of the same, is directed to seize the Collateral by any and all legal means.  If the Collateral, or any of it, is concealed in a building or elsewhere, and a demand made by the Marshal and/or its representative(s) for its delivery is refused or there is no response, then the Marshal shall cause the building or other enclosure to be broken open and shall take the Collateral therefrom, or, alternatively, shall secure the building or other enclosure by any reasonable means including, without limitation, changing the locks of the building or other enclosure.  No bond is required.  The Marshal shall not require the Plaintiff to post a bond to enforce this order.

D.     The Court retains jurisdiction to enforce the provisions of this Order for Possession.

E.     This is a final order, the terms of which are effective immediately.

DATED this 3rd day of _February_, 2021.

/s/ Stanley R. Chesler
_____
PRESIDING JUDGE
STANLEY R. CHESLER, U.S.D.J.

HB: 4814-6774-5485.3